Citation Nr: 21050002
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 13-29 259
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a right ankle disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1992 to May 1996. 

The Board denied claims for a bilateral ankle disability in January 2018. The Veteran appealed to the United States Court of Appeals for Veterans Claims ("Court" or "CAVC"). In August 2018, the parties filed a Joint Motion for Partial Remand ("JMPR") and the Court vacated/remanded the portion of the Board's January 2018 decision. 

In January 2019, VA received an election from the Veteran to opt-in to VA's Rapid Appeals Modernization Program (RAMP). However, he has been advised that only certain appeals are eligible to participate in RAMP, and this appeal (on remand from CAVC) is not eligible. To the extent he has other claims/appeals pending at the Regional Office (RO) level, his election to participate in RAMP will apply. 

In February 2021, the Veteran testified before the undersigned at a Board hearing. The transcript is of record. This matter was most recently remanded in April 2021.

1. Entitlement to service connection for a right ankle disability.

The Board remanded this matter for an addendum opinion addressing direct and secondary service connection. VA examination opinions were obtained in May and June 2021. The Veteran's representative, asserts the opinions are conclusory. Specifically, his representative asserts the examiner "arbitrarily" dismissed the Veteran's subjective reports purely because the claims file lacked corroborative medical records. The Board agrees. 

Review of the opinions reflects the examiner failed to adequately list the Veteran's contention as explained in his lay statements/testimony, prior to issuing a negative opinion based on the entire evidence of record. Instead, the examiner merely noted that "despite" and/or "in spite of" "lay evidence" there was no objective medical evidence to support the claim. A medical examiner is not free to simply ignore a veteran's lay statements recounting symptoms or events and base his or her opinion that there is no relationship to service on the absence of corroborating medical records. Dalton v. Nicholson, 21 Vet. App. 23 (2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006). 

The examiner also opined against the Veteran's left ankle aggravating or causing his right ankle condition. The examiner predicated the denial on the record lacking evidence of instability or impacted gait. The Veteran's reports of a history of left ankle instability were seemingly discounted without explanation or discussion of the Veteran's constant use of a cane. The examiner also did not address why examination findings of left ankle pain (9/10 in severity), decreased ambulation, range of motion, and standing tolerance during flare, would not impact the Veteran's right ankle. Such a discussion is required as the Veteran specifically asserts having to rely more heavily on his right ankle because of left ankle symptomatology, which is again supported by the Veteran's use of a cane. 

Given these omissions, a remand is required.

 

The matter is REMANDED for the following action:

Obtain an addendum opinion from a clinician who did not issue the previous opinions regarding as to the nature and etiology of the Veteran's right ankle condition. For any diagnosed right ankle disability, state whether it is at least as likely as not (50 percent probability or greater) that the disorder:

(1) had its onset during active service, or

(2) is etiologically related to his active service, or

(3) was proximately due to his service-connected disability(ies), to include left ankle disability, or

(4) underwent any incremental increase in disability, regardless of its permanence, due to a service-connected disability, to include left ankle disability. The term "incremental increase in disability" means additional impairment of earning capacity. Objective measurement, or numerical quantification, is not required to ascertain an increase in disability. Moreover, any "incremental increase in disability" need not be permanent

(*) In addressing questions (3) and (4), the examiner should address the clinical significance of earlier findings of left ankle pain (9/10 in severity), decreased ambulation, range of motion, and standing tolerance during flare, and the constant use of a cane to assist with ambulation. It is again noted that the Veteran has repeatedly stated that he has had to rely more heavily on his right ankle because of left ankle symptomatology. 

(*) Any obtained opinion must address the lay contentions of record, to include those made on Board hearing. 

(*) The examiner is reminded that the Veteran is competent to report injuries and symptoms in and since service, regardless of the contents of the treatment records, and that the Veteran's lay statements and any contentions raised must be noted and considered. 

(*) A complete rationale for any opinion expressed must be provided. An examiner's report that he or she cannot provide an opinion without resort to speculation is inadequate unless the examiner provides a rationale for that statement.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. L. Burroughs, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.